**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danuel Correa, | No. CV 11-545-PHX-RCB (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Yuma City Police Department, | |
| Defendant. | |

On March 23, 2011, Plaintiff Danuel Correa, who is confined in the Yuma County Detention Center, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a deficient Application to Proceed *In Forma Pauperis*. In a March 25, 2011 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On April 7, 2011, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. 6). The Court will grant the second Application to Proceed and will dismiss the Complaint with leave to amend.

**I.     Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $25.93. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will

**JDDL-K**

1  enter a separate Order requiring the appropriate government agency to collect and forward
2  the fees according to the statutory formula.

3  **II.     Statutory Screening of Prisoner Complaints**

4  The Court is required to screen complaints brought by prisoners seeking relief against
5  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
6  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
7  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
8  be granted, or that seek monetary relief from a defendant who is immune from such relief.
9  28 U.S.C. § 1915A(b)(1), (2).

10 A pleading must contain a "short and plain statement of the claim *showing* that the
11 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
12 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
13 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
14 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
15 statements, do not suffice." Id.

16 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
17 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
18 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
19 that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
21 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
22 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
23 allegations may be consistent with a constitutional claim, a court must assess whether there
24 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

25 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
26 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
27 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

28

JDDL-K

- 2 -

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

## III.   Complaint

In his two-count Complaint, Plaintiff sues Defendant Yuma City Police Department. He alleges that Defendant "blew an explosive charge in the face of the victim" and that this constitutes an aggravated assault on Plaintiff (Count One) and endangerment (Count Two), in violation of Arizona Revised Statutes §§ 13-1204 and 3-1201, respectively. In his Request for Relief, Plaintiff seeks monetary damages.

## IV.   Failure to State a Claim

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

### A.   Failure to Link Defendants with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

1   (1976).  Conclusory allegations that a Defendant or group of Defendants have violated a
2   constitutional right are not acceptable and will be dismissed.

3   The actions of individuals may support municipal liability only if the employees were
4   acting pursuant to an official policy or custom of the municipality.  Botello v. Gammick, 413
5   F.3d 971, 978-79 (9th Cir. 2005).  A plaintiff must allege, as a matter of law, that the policy
6   or custom of the municipality caused him to suffer constitutional injury.  Sadoski v. Mosley,
7   435 F.3d 1076, 1080 (9th Cir. 2006).  Plaintiff has not alleged that a policy or custom of
8   Defendant Yuma City Police Department caused his constitutional injuries.  Thus, the Court
9   will dismiss without prejudice Defendant Yuma City Police Department.

10  **B.    Failure to Allege the Violation of a Constitutional Right**.

11  Section 1983 provides a cause of action against persons acting under color of state law
12  who have violated rights guaranteed by the United States Constitution and federal law.  42
13  U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).
14  Section 1983 does not provide a cause of action for violations of state law or state
15  constitutional rights.  Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981).  In order to state
16  a claim under § 1983, Plaintiff must allege a cognizable **federal** constitutional claim. Plaintiff
17  has failed to allege any federal constitutional or federal-law violations; he has only alleged
18  violations of Arizona statutes.  Thus, the Court will dismiss without prejudice Plaintiff's
19  Complaint because it fails to state a claim.

20  **V.    Leave to Amend**

21  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
22  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
23  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail
24  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails
25  to use the court-approved form, the Court may strike the amended complaint and dismiss this
26  action without further notice to Plaintiff.

27  Plaintiff must clearly designate on the face of the document that it is the "First
28  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

1  entirety on the court-approved form and may not incorporate any part of the original
2  Complaint by reference. Plaintiff may include only one claim per count.

3        If Plaintiff files an amended complaint, Plaintiff must write short, plain statements
4  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of
5  the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;
6  (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's
7  constitutional right; and (5) what specific injury Plaintiff suffered because of that
8  Defendant's conduct. See Rizzo, 423 U.S. at 371-72, 377.

9        Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff
10 fails to affirmatively link the conduct of each named Defendant with the specific injury
11 suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to
12 state a claim. **Conclusory allegations that a Defendant or group of Defendants have**
13 **violated a constitutional right are not acceptable and will be dismissed**.

14       Plaintiff should take note that the use of excessive force by police officers in the
15 course of an arrest can violate the arrestee's Fourth Amendment right to be free from
16 unreasonable seizures. See White by White v. Pierce County, 797 F.2d 812, 816 (9th Cir.
17 1986). The Fourth Amendment does not prohibit the use of reasonable force. Tatum v. City
18 & County of San Francisco, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was
19 excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light
20 of the facts and circumstances confronting them, without regard to their underlying intent or
21 motivation." Graham v. Connor, 490 U.S. 386, 397 (1989); Tatum, 441 F.3d at 1095; Lolli
22 v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature
23 and quality of the intrusion against the countervailing governmental interests at stake.
24 Graham, 490 U.S. at 396; Lolli, 351 F.3d at 415. Moreover,

25       [t]he "reasonableness" of a particular use of force must be
      judged from the perspective of a reasonable officer on the scene,
26       rather than with the 20/20 vision of hindsight. . . . . "Not every
      push or shove, even if it may later seem unnecessary in the
27       peace of a judge's chambers," violates the Fourth Amendment.

28

1  Graham, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was
2  'objectively reasonable' depends on several factors, including the severity of the crime that
3  prompted the use of force, the threat posed by a suspect to the police or to others, and
4  whether the suspect was resisting arrest." Tatum, 441 F.3d at 1095.

5  Plaintiff should also take note that the Fourteenth Amendment Due Process clause,
6  not the Eighth Amendment, protects pretrial detainees from excessive force that amounts to
7  punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002). "[T]he
8  Fourth Amendment sets the 'applicable constitutional limitations' for considering claims of
9  excessive force during pretrial detention." Id. (quoting Pierce v. Multnomah County, 76 F.3d
10  1032, 1043 (9th Cir. 1996).

11  A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
12  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
13  1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as
14  nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original
15  complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d
16  565, 567 (9th Cir. 1987).

17  **VI. Warnings**
18  **A. Release**

19  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
20  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
21  the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
22  in dismissal of this action.

23  **B. Address Changes**

24  Plaintiff must file and serve a notice of a change of address in accordance with Rule
25  83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
26  relief with a notice of change of address. Failure to comply may result in dismissal of this
27  action.
28  . . . .

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $25.93.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

JDDL-K

- 7 -

(4)   If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 14th day of April, 2011.

Robert C. Broomfield
Senior United States District Judge