**WO**                                                                                              MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Danuel Correa, | ) No. CV 11-545-PHX-RCB (MEA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Yuma City Police Department, | ) |
| Defendant. | ) |

On March 23, 2011, Plaintiff Danuel Correa, who is confined in the Yuma County Detention Center in Yuma, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a March 25, 2011 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On April 7, 2011, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. On April 13, 2011, Defendant Yuma City Police Department filed a Motion to Dismiss (Doc. 8).  In an April 15, 2011 Order, the Court granted the second Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On April 25, 2011, Plaintiff filed his First Amended Complaint (Doc. 12).  The Court will dismiss the First Amended Complaint with leave to amend.

JDDL-K

1      **I.      Statutory Screening of Prisoner Complaints**

2            The Court is required to screen complaints brought by prisoners seeking relief against

3      a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

4      § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

5      claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

6      be granted, or that seek monetary relief from a defendant who is immune from such relief.

7      28 U.S.C. § 1915A(b)(1), (2).

8            A pleading must contain a "short and plain statement of the claim *showing* that the

9      pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

10     demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11     unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12     "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13     statements, do not suffice." Id.

14           "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15     claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

16     550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17     that allows the court to draw the reasonable inference that the defendant is liable for the

18     misconduct alleged." Id. "Determining whether a complaint states a plausible claim for

19     relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20     experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

21     allegations may be consistent with a constitutional claim, a court must assess whether there

22     are other "more likely explanations" for a defendant's conduct. Id. at 1951.

23           But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24     must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

25     Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

26     than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

27     94 (2007) (*per curiam*)).

28

1    If the Court determines that a pleading could be cured by the allegation of other facts,

2    a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

3    action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

4    should not, however, advise the litigant how to cure the defects.  This type of advice "would

5    undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

6    231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

7    required to inform a litigant of deficiencies).  Plaintiff's First Amended Complaint will be

8    dismissed for failure to state a claim, with leave to amend because the First Amended

9    Complaint may possibly be saved by amendment.

10   **II.    First Amended Complaint**

11   A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

12   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

13   1546 (9th Cir. 1990).   After amendment, the Court treats the original Complaint as

14   nonexistent.  Ferdik, 963 F.2d at 1262.  Thus, the Court will consider only those claims

15   raised in the First Amended Complaint against only those Defendants named in the First

16   Amended Complaint.

17   In his two-count First Amended Complaint, Plaintiff sues the following Defendants:

18   Yuma Police Department Lieutenant Siegfried and Sergeant Ruby.  In both counts, Plaintiff

19   alleges violations of his Fourth Amendment right to be free from unreasonable seizures.

20   Plaintiff alleges that Defendant Siegfried ordered an "explosive bomb" to be placed on the

21   door of the hotel room where Plaintiff was sleeping (Count One) and that Defendant Ruby

22   placed the bomb on the door (Count Two).  Plaintiff contends that there was no warning

23   given prior to the bomb being detonated and, when it was detonated, pieces of the door struck

24   Plaintiff's face and eye, causing him to suffer blurred vision and momentary blindness in his

25   left eye and facial lacerations and scars.  In his Request for Relief, Plaintiff seeks monetary

26   damages.

27   . . . .

28   . . . .

## III.   Failure to State a Claim

Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  <u>Id</u>.

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures.  <u>See</u> <u>White by White v. Pierce County</u>, 797 F.2d 812, 816 (9th Cir. 1986).   The Fourth Amendment does not prohibit the use of reasonable force.  <u>Tatum v. City & County of San Francisco</u>, 441 F.3d 1090, 1095 (9th Cir. 2006).  Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989); <u>Tatum</u>, 441 F.3d at 1095; <u>Lolli v. County of Orange</u>, 351 F.3d 410, 415 (9th Cir. 2003).  The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake.  <u>Graham</u>, 490 U.S. at 396; <u>Lolli</u>, 351 F.3d at 415.  Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

<u>Graham</u>, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." <u>Tatum</u>, 441 F.3d at 1095.

Plaintiff's vague allegations are insufficient to state a Fourth Amendment claim.  His allegations do not include any information regarding the crime for which he was arrested or the threat he may have posed to the police or others.  Thus, the Court will dismiss without prejudice his Fourth Amendment claims in Counts One and Two.

1    **IV.    Leave to Amend**

2        For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for

3    failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

4    submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of

5    Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.

6    If Plaintiff fails to use the court-approved form, the Court may strike the second amended

7    complaint and dismiss this action without further notice to Plaintiff.

8        Plaintiff must clearly designate on the face of the document that it is the "Second

9    Amended Complaint."  The second amended complaint must be retyped or rewritten in its

10   entirety on the court-approved form and may not incorporate any part of the original

11   Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim

12   per count.

13       A second amended complaint supersedes the original Complaint and First Amended

14   Complaint.  Ferdik, 963 F.2d at 1262; Hal Roach Studios, 896 F.2d at 1546.   After

15   amendment, the Court will treat the original Complaint and First Amended Complaint as

16   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

17   Complaint or First Amended complaint is waived if it is not raised in a second amended

18   complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

19   **V.    Motion to Dismiss**

20       In its Motion to Dismiss, Defendant Yuma City Police Department claims that

21   Plaintiff failed to properly serve the Complaint on Defendant Yuma City Police Department

22   and that Defendant Yuma City Police Department is a non-jural entity and, therefore, is

23   incapable of being sued.   In the Court's April 15, 2011 Order, the Court dismissed the

24   Complaint for failure to state a claim against Defendant Yuma City Police Department.  The

25   Court, therefore, will deny as moot the Motion to Dismiss.[1]

26   . . . .

27   _____

28       [1]Plaintiff did not name Defendant Yuma City Police Department as a Defendant in the
     First Amended Complaint.

JDDL-K                                    - 5 -

## VI.    Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second  amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendant Yuma City Police Department's Motion to Dismiss (Doc. 8) is **denied as moot**.

(2)     The First Amended Complaint (Doc. 12) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 27th day of April, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<table>
<tr><td>Phoenix & Prescott Divisions:</td><td>OR</td><td>Tucson Division:</td></tr>
<tr><td>U.S. District Court Clerk</td><td></td><td>U.S. District Court Clerk</td></tr>
<tr><td>U.S. Courthouse, Suite 130</td><td></td><td>U.S. Courthouse, Suite 1500</td></tr>
<tr><td>401 West Washington Street, SPC 10</td><td></td><td>405 West Congress Street</td></tr>
<tr><td>Phoenix, Arizona 85003-2119</td><td></td><td>Tucson, Arizona 85701-5010</td></tr>
</table>

7. <u>Change of Address</u>. You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>. You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address:_____
>       Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>. If you need to change any of the information in the initial complaint, you must file an amended complaint. The amended complaint must be written on the court-approved civil rights complaint form. You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a). After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1. In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2). **Any allegations or defendants not included in the amended complaint are considered dismissed**. All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>. You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased. You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,  )
(Full Name of Plaintiff)                            )
             Plaintiff,           )
                        )
        vs.                         )   **CASE NO.** _____
                        )         (To be supplied by the Clerk)
(1) _____,  )
(Full Name of Defendant)                         )
(2) _____,  )
                        )   **CIVIL RIGHTS COMPLAINT**
(3) _____,  )   **BY A PRISONER**
                        )
(4) _____,  )   ☐ Original Complaint
        Defendant(s).              )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

### A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

      ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

      ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

**550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                        (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                        (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                        (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _____

_____.

2. **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count I?        ☐ Yes    ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

3

## COUNT II

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes      ☐ No
b.    Did you submit a request for administrative relief on Count II?         ☐ Yes      ☐ No
c.    Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?                 ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?        ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                   DATE                                              SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.